UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00353

**Jesse O'Neal Ward,**
*Plaintiff,*

v.

**County of Van Zandt, Texas, et al.**
*Defendants.*

## ORDER

Plaintiff Jesse O'Neal Ward, proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that unlawful actions taken by the defendants led to his conviction in 1997. Doc. 1. On June 30, 2020, this case was referred to United States Magistrate Judge K. Nicole Mitchell. Doc. 2.

Judge Mitchell issued a report and recommendation (Doc. 7) that plaintiff's complaint should be dismissed with prejudice until the *Heck* conditions are met. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As the magistrate judge correctly noted, to recover monetary relief for unlawful actions "that would render a conviction or sentence invalid," the plaintiff must show that the relevant conviction "has been reversed, expunged, invalidated or otherwise called into question." Doc. 7 at 2 (citing *Heck*, 512 U.S. at 486-87 (1994)). Upon reviewing the record, the magistrate judge could not locate evidence indicating that the defendant's conviction had been "reversed, expunged, invalidated, or otherwise called into question." Doc. 7 at 2.

On September 3, 2020, plaintiff filed objections to the report. Doc. 9. Rather than challenging specific portions of the report, plaintiff expressed a desire to convert this civil rights lawsuit to a federal habeas action under 28 U.S.C. § 2254. *Id.* at 1. Specifically, plaintiff seeks to change his request for relief to a reversal of his criminal conviction. *Id.* But at this stage of the proceedings, plaintiff may not change his civil rights suit

to a habeas action. Accordingly, plaintiff's objections are meritless.

Because plaintiff's objections do not challenge specific portions of the magistrate judge's report and recommendation, the record is reviewed for clear error. *See Nettles v. Wainwright*, 656 F.2d 986, 987 (5th Cir. 1981), *on reh'g*, 677 F.2d 404 (5th Cir. 1982) (noting that parties have a duty to "pinpoint those portions of the magistrate's report that the court must specially consider"). Here, there is no clear error. Accordingly, the court **adopts** the magistrate judge's report and recommendation. The complaint is **dismissed with prejudice** until the conditions established in *Heck* have been satisfied.

*So ordered by the court on September 18, 2020.*

J. CAMPBELL BARKER
United States District Judge